IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35851-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DOUGLAS DEAN SCYPHERS, also | ) | |
| known as DOUGLAS D. SCYPHERS, | ) | |
| | ) | |
| Appellant. | | |

FEARING, J. — On appeal, Douglas Scyphers asks this court to vacate the imposition of a $200 criminal filing fee as a legal financial obligation. In a statement of additional grounds, Scyphers seeks reversal of his convictions for sexual offenses against a child and for bail jumping. He also seeks a new sentencing hearing. We affirm his conviction and sentence, but grant his request to vacate his financial obligation.

FACTS

This appeal centers on alleged sexual abuse by Douglas Scyphers of a minor biological daughter. In 2014, law enforcement investigated allegations by the daughter that Scyphers had molested, raped, and assaulted her from the age of nine until she turned

eighteen. The daughter also claimed that Scyphers kept videos and pictures of her engaging in sexually explicit conduct. Law enforcement investigated the allegations and found evidence supporting the allegations.

PROCEDURE

On July 15, 2015, the State of Washington filed an amended information that charged Douglas Scyphers with first degree child rape, second degree child rape, third degree child rape, first degree child molestation, second degree child molestation, third degree child molestation, sexual exploitation of a minor, second degree possession of depictions of a minor engaged in sexual conduct, and first degree incest. All counts carried an aggravating factor.

Before trial, Douglas Scyphers wandered to Arizona. The superior court issued a bench warrant for his arrest. After his apprehension, the State filed a second amended information that included a count of bail jumping.

The jury convicted Douglas Scyphers of third degree rape of a child, third degree child molestation, sexual exploitation of a minor, second degree possession of depictions of a minor engaged in sexual conduct, first degree incest, and bail jumping. The jury acquitted on four charges. The jury returned a special verdict as to each conviction, except bail jumping, of an aggravating circumstance. The sentencing court assessed the

2

maximum penalty for third degree rape of a child, third degree child molestation, and sexual exploitation of a minor. The court ruled that the three convictions would run consecutively for a total of 240 months. The trial court ordered the sentences for second degree possession of depictions of a minor engaged in sexual conduct, first degree incest, and bail jumping to run concurrent with each other and concurrent with the sentences for the first three convictions. The sentencing court also imposed 36 months of community custody.

The convictions for sexual exploitation of a minor and incest are class B felonies with each bearing a maximum penalty of 120 months. The other offenses are class C felonies with a maximum punishment of 60 months. No sentence imposed by the trial court exceeded the statutory maximum. The trial court imposed legal financial obligations including a $200 criminal filing fee, a $500 victim penalty assessment, and a $100 DNA collection fee.

## LAW AND ANALYSIS

### Criminal Filing Fee

Douglas Scyphers argues that the $200 criminal filing fee imposed by the trial court should be struck due to his indigency. The State agrees.

House Bill 1783 modified RCW 36.18.020(2)(h) to prohibit the imposition of a

$200 criminal filing fee on defendants who are indigent at the time of sentencing as

defined in RCW 10.101.010(3)(a) through (c). The Washington Supreme Court

determined that the amendments in House Bill 1783 apply prospectively to cases not final

at the time of their enactment. *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

Due to the timing of *Ramirez*, Douglas Scyphers contends that counsel did not know that

the amendments would apply prospectively.

The new enactment prohibits a trial court from imposing a criminal filing fee,

if, at the time of sentencing, "the person receives certain types of public assistance,

is involuntarily committed to a public mental health facility, or receives an annual

income after taxes of 125 percent or less of the current federal poverty level."

RCW 10.101.010(3)(a)-(c); *State v. Ramirez*, 191 Wn.2d at 748. The State agrees to

the application of the statute.

## Statement of Additional Grounds

Douglas Scyphers asserts numerous statements of additional grounds. Many of the

statements posit only factual arguments with no legal basis for relief. Scyphers contends

that Sergeant Andrew Buell did not conduct a thorough investigation of the allegations

against Scyphers; Scyphers was not the subject of pictures presented at trial; Scyphers's

4

former wife and Scyphers's daughter had possession of the computer before surrendering it to police; and Sergeant Buell's testimony amounted to expert testimony such that Scyphers should have been able to call a medical expert. Scyphers fails to present any argument on how these claims violate the law. Therefore, we deny these contentions. The remaining additional grounds also fail as explained below.

Douglas Scyphers complains that the trial court allowed the prosecution to explore his divorce with the victim's mother, yet did not allow his attorney to explore the divorce or marriage. The record, however, contradicts this argument. On cross-examination, Scyphers's defense counsel elicited from Sergeant Andrew Buell that Scyphers underwent a contentious divorce and that Scyphers gained primary placement of his sons and $2,300 per month for child support from his former wife, Kecia Washburn. Further, in closing, Scyphers's counsel commented:

> This case is not about a divorce and how two people, any people, Mr. Scyphers or any people that are in a contentious divorce, how they posture. That's what this trial's about. They have spent a lot of time looking at bookcases, talking about the divorce and all the things that people do in divorces to gain an upper hand. This case is not about a divorce, about books in a bookcase. This is about whether that man (indicating) did these things to his daughter over that period of time beyond a reasonable doubt.

Report of Proceedings (RP) at 1003. Scyphers's counsel argued the relative unimportance of the divorce and directed the jury to other testimony in the trial.

5

Douglas Scyphers next complains that the State violated a court order to obtain an expert witness, thereby denying Douglas Scyphers the opportunity to call his own witness. This contention fails to inform the court of the nature and occurrence of the alleged error. RAP 10.10(c). The State ventures that Scyphers may refer to the State's failure to retain a dermatologist. Although the State requested more time to obtain an expert witness, Scyphers objected to the witness based on late disclosure. The trial court granted Scyphers' motion to exclude the witness. The record does not indicate whether defense counsel planned to call an expert witness or the opinions sought from an expert.

Douglas Scyphers contends that his daughter gave conflicting statements and admitted under oath that no sexual abuse occurred. The State concedes that the daughter gave conflicting testimony. The State asserts that, based on this testimony, the jury failed to convict Scyphers on four of the ten charges.

We agree that the jury heard sufficient evidence to convict Scyphers of six of the charges. Conflicting statements of the victim or a witness do not by themselves warrant reversal. The jury weighs the credibility of a witness, and we do not review the credibility determination on appeal. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

Douglas Scyphers next complains that he lacked an opportunity to retain a computer expert when the State never disclosed its expert computer witness in advance of trial. Scyphers may reference State's witness John Schlosser. The State identified Schlosser on the list of witnesses at trial who could be called to testify. Therefore, we also deny this assigned error.

Douglas Scyphers contends that the sentencing court prejudicially imposed a 240-month sentence and should have imposed all sentences concurrently. Scyphers fails to support this contention with legal argument. The record supports the propriety of the sentence. The jury found an ongoing pattern of sexual abuse involving one victim under age eighteen, which amounts to an aggravating factor. RCW 9.94A.535(3)(g). The trial court relied on this jury finding to impose the consecutive sentences.

Finally, Douglas Scyphers contends that he lobbied to have a biased juror replaced and that the bailiff acted prejudicially. Douglas Scyphers may reference a statement by the bailiff out of the hearing of the jury. The bailiff remarked concerning a "typical defendant." RP at 1045. The bailiff did not make the comment in front of the jury.

Douglas Scyphers's claim of protesting a biased juror lacks any support in the record. Thus, we do not address the assigned error. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

No. 35851-8-III
*State v. Scyphers*

CONCLUSION

We affirm Douglas Scyphers's convictions and sentences, except that we remand

for vacation of the $200 criminal filing fee obligation. Scyphers need not appear in court

for the striking of the obligation.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Kormso, A.C.J.

8